IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LILES PARKER PLLC, | No. 11-cv-1821 (BJR) |
| *Plaintiff* | |
| v. | ORDER GRANTING MOTION TO DISMISS COUNT II OF THE FIRST AMENDED COMPLAINT |
| HARVEST BANK OF MARYLAND | |
| *Defendant.* | |

Before the court is Defendant Harvest Bank of Maryland's ("Defendant") Motion to Dismiss Count II of the First Amended Complaint (Dkt. No. 9.). Having reviewed the motion, the opposition, and the reply thereto, as well as the relevant case law, the court hereby finds and rules as follows.

This case involves a fee dispute between a law firm and its former client. Plaintiff Liles Parker PLLC ("Plaintiff") alleges that Defendant breached the terms of the parties' Engagement Letter. Plaintiff seeks $101,417.96 in damages, plus interest and costs.

ORDER-1

Plaintiff asserts two causes of action: (1) Count I—Breach of Contract; and (2) Count II—Quantum Meruit. Defendant moves to dismiss the quantum meruit claim, asserting that such claims can only exist in the absence of a written agreement between the parties and when equity renders it unjust for one party to retain money paid, or to not pay for services rendered. (Dkt. No. 9 at 1.). Here, Plaintiff alleges the existence of a written agreement and incorporates the allegation into Count II. *Id*. at 1-2.

Plaintiff counters that the quantum meruit claim is alleged in the alternative to the breach of contract claim, and that such a pleading is consistent with the Federal Rules of Civil Procedure. (Dkt. No. 10 at 1 citing Fed. R. Civ. P. 8(d)(3).). Plaintiff argues that in the event he is unable to establish that a valid contract exists, he would be entitled to prosecute the unjust enrichment claim. However, Defendant answered Count I of the Amended Complaint (on the same day that it filed is reply to the instant motion) and admitted the existence of a valid contract between the parties. (Dkt. No. 12 at 1.).

In light of Defendant's admission, the court will dismiss Count II of the First Amended Complaint. *See Harrington v. Trotman*, 983 A.2d 342, 346-47 (D.C. 2009) (homeowner could not recover damages against contractor on unjust enrichment theory where parties' relationship is governed by written agreement); *Schiff v. American Ass'n of Retired Persons*, 697 A.2d 1193, 1194 (D.C. 1997) ("[T]here can be no claim for unjust enrichment when an express contract exists between the parties.").

Based on the foregoing, Count II of the First Amended Complaint is hereby

ORDER-2

DISMISSED.

**SO ORDERED** this 30th day of April, 2012.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER-3